People v McKinley (2024 NY Slip Op 24257)

[*1]

People v McKinley

2024 NY Slip Op 24257

Decided on October 10, 2024

Supreme Court, New York County

Lantry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 10, 2024
Supreme Court, New York County

The People of the State of New York,

against
Fredrick McKinley, Defendant.

Ind. No. 71491/22

Prosecutor: 
Alvin L. Bragg, Jr., District Attorney of New York County
Jack Daily, Assistant District Attorney 
One Hogan Place
New York, NY 10013
(212) 335-4297
Defense Counsel for Fredrick McKinley
Amanda Barfield, Esq.
New York County Defender Services 
100 William St, 20th Floor
New York, NY 10038
(646) 300-1430

Brendan T. Lantry, J.

On May 26, 2022, Fredrick McKinley (hereinafter the "Defendant") was arraigned on the instant indictment, which charged the Defendant with Assault in the First Degree in violation of Penal Law § 120.10(1) and Assault in the Second Degree in violation of Penal Law § 120.05(2). On July 26, 2024, a New York jury found the Defendant guilty of both of the aforementioned counts, and the case was adjourned to September 19, 2024 for sentencing. On or about September 17, 2024, the Defendant, by and through his attorneys, filed a Sentencing Memorandum of Law. In the Sentencing Memorandum, the Defendant requests that the Court sentence him as a "first-felony offender" based upon the U.S. Supreme Court decision in Erlinger v. United States, 144 S Ct 1840 [2024] (Gorsuch, J.). On or about October 3, 2024, the People filed an Affirmation in Opposition to Defendant's Sentencing Memorandum of Law.
Based upon the papers submitted by both parties and the record before the Court, the Defendant's application is denied as delineated below.
Discussion
On or about May 25, 2022, the People filed a Statement of Predicate Violent Felony Conviction Pursuant to Criminal Procedure Law Section 400.15 and Penal Law Section 70.04 (hereinafter the "2022 Predicate Statement"). The 2022 Predicate Statement states, in relevant part:
The above-named defendant has previously been subjected to one or more predicate [*2]felony convictions as defined in Penal Law § 70.04(1)(b), to wit:
On March 16, 2012, in the Supreme Court of New York, in the County of New York, the defendant was convicted of Assault in the Second Degree, Penal Law §[] 120.05(2), a violent felony as that term is defined in Penal Law § 70.02(1). Sentence upon the March 16, 2012 conviction was imposed on April 10, 2012.
The ten-year period referred to in Penal Law § 70.06 (1)(b)(v) is extended by defendant's incarceration at NYC Department of Corrections from July 31, 2011 to April 23, 2012, and at NYS Department of Corrections and Community Supervision from April 23, 2012 to February 19, 2014.
Following the submission of the Defendant's Sentencing Memorandum of Law, the People filed an amended Statement of Predicate Violent Felony Conviction Pursuant to Criminal Procedure Law Section 400.15 and Penal Law Section 70.04 (hereinafter the "2024 Predicate Statement"). The 2024 Predicate Statement states, in relevant part:
The above-named defendant has previously been subjected to one or more predicate felony convictions as defined in Penal Law § 70.04(1)(b), to wit:
On March 16, 2012, in the Supreme Court of New York, in the County of New York, the defendant was convicted of Assault in the Second Degree, Penal Law §[] 120.05(2), a violent felony as that term is defined in Penal Law § 70.02(1). Sentence upon the March 16, 2012 conviction was imposed on April 10, 2012.
The Defendant argues that he has a Sixth Amendment right to have a jury decide the issue of whether he should be adjudicated a second-violent felony offender based upon the April 10, 2012 sentence imposed on the Defendant's March 16, 2022 conviction for Assault in the Second Degree. Invoking People v. Lopez, 216 NYS3d 518 [Sup Ct, NY County July 26, 2024] (Conviser, J.), the Defendant maintains that "as the Legislature has prohibited a jury from deciding sentencing, the only available remedy is to bar a predicate sentence and adjudicate the Defendant a first-felony offender."
The People submit that the Court need not consider tolling to adjudicate the Defendant a second violent felony offender. Specifically, the People argue that "the time that passed between the finality of the Defendant's 2012 Assault in the Second Degree conviction (April 10, 2012) and the commission of the instant offenses (March 20, 2022) is less than ten years." Accordingly, the People aver, this Court is not required to address Erlinger, supra to adjudicate the Defendant a second violent offender and should deny the Defendant's motion to be sentenced as a first-time felony offender.
Discussion
Penal Law § 70.04 (1)(b)(iv) states, in relevant part, that "[f]or purposes of determining whether a prior conviction is a predicate violent felony conviction . . .[, the] sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted." 
In Erlingler, the U.S. Supreme Court determined the issue of whether a judge may decide that a defendant's past offenses were committed on separate occasions within the scope of the Armed Career Criminal Act (ACCA), or whether the Fifth and Sixth Amendments require a unanimous jury to make that determination beyond a reasonable doubt. See Erlinger, 144 S Ct at 1846. The Supreme Court held that "only a jury may find 'facts that increase the prescribed [*3]range of penalties to which a criminal defendant is exposed.'" Id. at 1850 (quoting Apprendi v. New Jersey, 530 US 466, 490 [2000]). The Court continued that this principle "does not just apply when a judge seeks to issue a sentence that exceeds the maximum penalty authorized by a jury's findings (or a guilty plea). It is a principle that also applies when a judge seeks to increase a defendant's minimum punishment." Id. at 1851. 
As to the exception contained within Almendarez-Torres v. United States, 523 US 224 (1998), which permits judges to find only "the fact of a prior conviction," the Erlinger Court declined to revisit same. Under the Almendarez-Torres exception, a judge may "do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of."
While the "Erlinger question" has not yet reached the appellate courts of New York, several New York State Supreme Court decisions have been issued concerning the case's applicability to New York's sentencing laws. See People v. Banks, 2024 WL 4128665 [Sup Ct, NY County, September 6, 2024, Mandelbaum, J.]; People v. Lopez, 216 NYS3d 518 [Sup Ct, NY County, July 26, 2024, Conviser, J.]; People v. Harnett, Ind. 71922/22 [Sup Ct, NY County, September 25, 2024, Fabrizio, J., indictment No. 71922/22].
However, the Defendant's reliance on these cases is misplaced, as each of these decisions addresses situations wherein tolling calculations are required to be determined. That is not the case here.
"When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit." Bostock v. Clayton County, Georgia, 590 US 644 [2020] (Gorsuch, J.). Indeed, "[a]s the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998] (Smith, J.)
In this instant matter, no tolling is required. A plain text reading of Penal Law § 70.04 (1)(b)(iv) shows that it is the date of the sentence, not the date of the conviction, that begins the "ten year clock" within the scope of statute. As the Defendant's sentence in the 2012 matter was April 12, 2012, and the offense in the instant matter was committed on March 20, 2022, the commission of the offense that is the subject of the instant indictment occurred within ten years of the Defendant's 2012 sentence.
The "tolling" issue aside, the Defendant argues that, pursuant to Erlinger, a jury must decide whether the Defendant is a second-violent felony offender. That is simply not the holding of Erlinger. Erlinger and Almendarez-Torres make clear that a Court may "determine what crime, with what elements, the defendant was convicted of." See Erlinger, 144 S Ct at 1854 (quoting Mathis, v. United States, 579 US 500, 511-512 [2016]). While the triggering statute for an enhanced sentence in Erlinger, namely the ACCA, hinged upon convictions as opposed to sentences, the same principle applies. See 18 USCA § 924. 
Accordingly, consistent with Erlinger, this Court holds that a court may determine not only "what crime, with what elements, the defendant was convicted of," but also the date of sentence, for purposes of calculating a defendant's predicate status pursuant to Penal Law § 70.04 (1)(b)(iv), without frustrating the defendant's Sixth Amendment right to have a jury find facts that increase the prescribed range of penalties to which a defendant is exposed. See Erlinger, 144 S Ct at 1854 (quoting Mathis, 579 US at 511-12). 
Conclusion
Accordingly, it is hereby
ORDERED that the Defendant's application to adjudicate the Defendant a first-felony offender is denied.
This constitutes the Decision and Order of the Court.
Dated: October 10, 2024
New York, New York
Hon. Brendan T. Lantry
Justice of the Supreme Court