People v Frazier (2024 NY Slip Op 24268)

[*1]

People v Frazier

2024 NY Slip Op 24268

Decided on October 17, 2024

Supreme Court, Queens County

Gopee, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 17, 2024
Supreme Court, Queens County

The People of the State of New York

against
Jamel Frazier, Defendant.

Ind. No. 73070-2023

Katherine McCabe, Assistant District Attorney, for the People
Alexis Padilla, Attorney for the Defendant

Karen Gopee, J.

Summary of the Court's Decision: The defendant's motion to preclude the Court from adjudicating him as a Second Felony Offender is DENIED.
By written motion filed on August 5, 2024, the defendant moves pursuant to Erlinger v. United States, 144 S.Ct. 1840 (2024), to preclude the Court from adjudicating him as a Second Felony Offender. He asserts that the United States Supreme Court invalidated New York State's predicate sentencing structure, removed the authority of the Court to enhance a defendant's sentence and imposed a requirement that a unanimous jury, not a judge, find "facts which conclusively establish a higher sentencing range for a convicted criminal offender beyond a reasonable doubt." Id. at 1853-1854. 
The defendant further argues that the Court in People v. Lopez, 216 NYS 3d 518 (Sup. Ct., NY Cty. [2024]), interpreted Erlinger as disqualifying New York judges from conducting any factual assessment, including tolling calculations and from creating a bifurcated jury procedure for sentencing. He therefore challenges this Court's authority to adjudicate him as a prior violent felony offender or to impose an enhanced sentence pursuant to such an adjudication.
The People, by written opposition, claim that Erlinger does not apply. They argue: 1) that the Court may not review any Constitutionality challenges to the New York sentencing statutes without notice to the Attorney General of New York State, pursuant to Executive Law §§ (71)(1) and (3), 2) that Erlinger examined a specific federal sentencing statute, not at issue here, and is therefore irrelevant, 3) that Erlinger is distinguishable from this matter since the Court is permitted to determine the single and uncontested fact of a prior conviction, and 4) that a sentencing jury is not required where there are no issues of fact or tolling. Conversely, they assert that Judiciary Law § 2-b (3) empowers the Court to devise novel procedures to effectuate [*2]a predicate finding. Lastly, the People aver that the New York County Supreme Court's ruling in People v. Lopez, supra, is not binding since it is a Court of concurrent jurisdiction and should not be followed.
After reviewing the file and submissions of the parties, the following constitutes the findings of the Court:
 PROCEDURAL HISTORY
On or about July 27, 2023, the defendant was arrested and charged with two counts each of Criminal Possession of a Weapon in the Second Degree (P.L. §§ 265.03-1B and 265.03[3]), Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02[1]), one count of Reckless Endangerment in the First Degree (P.L. § 120.25) and other related charges for alleged incidents that occurred on July 23, 2023 and July 27, 2023.
On the July 30, 2024 court appearance, the defendant was offered a chance to plead guilty to one count of Attempted Criminal Possession of a Weapon in the Second Degree, a lesser included offense, to satisfy the indictment with a promised sentence of five years' incarceration. The defendant indicated that he wanted to avail himself of the People's plea offer but challenged the sentence that the People were offering, as it required the Court to adjudicate him as a prior violent felony offender, and to make a finding that he had a prior felony conviction for Attempted Burglary in the Second Degree on July 15, 2019.[FN1]
The defendant orally challenged the Court's ability to make such a finding, requesting that the Court sentence him as a first-time offender.
The defendant concedes, both orally and in writing, that he has four prior felony convictions: (1) Criminal Possession of Stolen Property in the Fourth Degree from June 22, 2017; (2) Attempted Burglary in the Second Degree from July 15, 2019; (3) Grand Larceny in the Third Degree from July 15, 2019; and (4) an additional conviction of Grand Larceny in the Third Degree from July 15, 2019.

 PREDICATE FELONY SENTENCING
New York State Penal Law § 70.02 dictates the sentencing guidelines for violent felony convictions, while Penal Law § 70.04 dictates the sentencing guidelines and eligibility criteria for second violent predicate offenders. Under P.L. § 70.04, a second violent felony offender is defined as an individual who stands convicted of a violent felony offense, as defined in § 70.02(1), who was previously convicted of a violent felony within ten years of the commission of the present felony.
Earlier this year, on June 21, 2024, the United States Supreme Court, in Erlinger v. United States, supra, expanded the Fifth and Sixth Amendments of the United States Constitution that guarantees a trial by jury to include the right to a unanimous jury to determine any finding of fact that may result in the increase of a defendant's minimum punishment. Id. at 1850. Specifically, the Court examined and rejected the procedure used and the sentence imposed by the District Court and upheld by the Seventh Circuit, which found that defendant Erlinger qualified under the Armed Career Criminals Act (hereafter "ACCA") for an enhanced sentence. The Court rebuffed both the preponderance of the evidence standard that the Court used, as well as a Judge's authority to make such factual findings. It delegated factual findings, including whether prior convictions were committed on separate occasions, to a unanimous jury by a beyond a reasonable doubt standard. Id.
In the decision, the Supreme Court reviewed several prior sentencing decisions that it [*3]believed had encroached upon the "guardrails" of the Fifth and Sixth Amendments protections, including Apprendi v. New Jersey, 530 U.S. 466 (2000). In that matter, the Court invalidated the New Jersey sentencing enhancement statute that allowed a Judge to impose a longer term of imprisonment if the Court determined, by a preponderance of the evidence, that the crime was racially motivated.
While the Erlinger Court did not address or invalidate New York's sentencing enhancement statutes, New York Courts are now confronted with this Constitutional issue given the similarity of the New York's enhanced sentencing protocols to the invalidated statutes. 
On July 26, 2024, in a case of first impression, Justice Conviser of the New York County Supreme Court, a court of concurrent jurisdiction, examined the impact of Erlinger on enhanced sentences in New York State. See People v. Lopez, supra. The Court limited its analysis to Erlinger's effect on the application of New York State's persistent felony offender sentencing statute, pursuant to P.L. § 70.08 and 70.04(1)(b)(iv), and the Court's authority to conduct tolling calculations that extend the ten-year window required for a defendant to be adjudicated as a prior felony offender. Id at 533. In Lopez, unlike here, the prosecution and defense both agreed that the enhanced sentence being considered required a calculation of the defendant's periods of incarceration to extend the ten-year window. Id. The parties also agreed with the Court that such a calculation constituted an issue of fact that would increase the prescribed range of penalties, therefore requiring a finding of fact by a unanimous jury. Id at 525.
Even though all parties agreed with the conclusion that a jury was required to make the calculation, the Lopez Court noted that it lacked the authority to empanel a jury for sentencing, citing to C.P.L. §§ 400.15, 400.16, 260, 270, 280, 290, 300 and 310. Id. Given the contradictory finding, that on the one hand a jury must be empaneled to calculate any tolling finding and on the other that the Court lacks the authority to empanel such a jury, the Lopez Court sentenced the defendant as a first-time felony offender. Id.
Last month, on September 6, 2024, Justice Mandelbaum, in a New York County Supreme Court matter, also examined Erlinger's impact on the New York State's persistent felony offender adjudication when a tolling calculation is required. See, People v. Banks, 2024 NY Slip. Op. 24241 (Sup. Ct. NY Cty. [2024], Mandelbaum, J.)(relying upon C.P.L. §§ 400.15(2), 400.16(2), 70.08). In that matter, the defendant was convicted of a violent felony offense in May, prior to the Erlinger decision, but was scheduled to be sentenced after Erlinger was decided. Id. At sentencing, the People sought to have the Court consider the defendant's two prior convictions, one from 1984 and the other from 1991, to adjudicate the defendant as a persistent violent felony offender and impose an enhanced sentence. Given the dates of the prior convictions, the People were asking the Court to review the defendant's periods of incarceration, conduct a tolling calculation, and make findings of fact to extend the ten-year window. Id. The Court concluded, under Erlinger, and consistent with Lopez, that any tolling calculation required a finding of fact by a jury and that the Court was prevented from empaneling such a jury under current New York State law. See People v. Banks, supra relying upon C.P.L. §§ 400.15(2), 400.16(2), 70.08).
The Banks Court specifically considered and rejected the People's contention that Judiciary Law § 2-b(3), which allows a "court of record to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it" empowers the Court to empanel a sentencing jury. Id. The Court reasoned that the Judiciary Law is only to be used sparingly, in extraordinary circumstances, arising in a single case, and cannot be applied to a whole category of cases.
Moreover, the Banks Court surmised that creating a jury sentencing protocol required answering a myriad of questions, including: whether the trial jury would be retained for sentencing; when the trial jury should be told about sentencing; if a new jury would be needed after the verdict; how many jurors would be necessary; how the selection process would be conducted; if and how many preemptory challenges would be afforded; time limitations for questioning, etc. Id. The Court held that the Legislature, not the Court, was duly authorized to create and regulate new practice and procedure. Therefore, the Banks Court concluded that the Court had no Constitutional way to determine that the defendant was a persistent violent felony offender and sentenced the defendant as a first-time felony offender. See, id.
Despite its conclusion, the Banks Court examined the United States Supreme Court decisions in Apprehendi, supra, Almendarez-Torres v. United States, supra, along with their "progeny" in lieu of Erlinger, and concluded that the "carve out" exception remained valid, allowing Courts to find the mere existence of a prior conviction, without the need of a jury. See Banks, supra (relying upon People v. Prindle, 29 NY3d 463 (2017); People v. Quinones, 12 NY3d 116 (2009); People v. Rivera, 5 NY3d 61 (2005)). Moreover, the Erlinger Court specifically upheld the exceptions carved out by Almendarez-Torres v. United States, 523 U.S. 224 (1998), allowing a Judge to undertake the job of finding the sole fact of a prior conviction, and allowing the Court to accept a defendant's "freely admitted" fact during a guilty plea. See Erlinger, 144 S.Ct. at 1851-1853.
Here, unlike Erlinger, Lopez, and Banks, the defendant concedes that he has four prior felony convictions and that those convictions were from 2017-2019, well within the statutorily required ten-year window to be considered for a prior violent felony offense. Thus, no issue of fact as to the legitimacy of the prior convictions, the dates of those incidents or convictions, or tolling calculation to extend the ten-year window, exists. Therefore, even under Erlinger, this Court has the authority to find the sole fact of the defendant's prior conviction and the defendant may freely admit to this enhancing fact during his plea allocution.
Furthermore, this matter is distinguishable from Erlinger, Lopez, and Banks, in that the defendant has been offered and wishes to accept a negotiated plea to a lesser included charge, a Class D violent Felony, instead of the Class C violent felonies charged in his indictment. As a result, his sentencing exposure upon the reduction/dismissal of the top counts is dramatically decreased. In fact, the five-year promised sentence being offered is within the range of the three and a half years' to fifteen year minimum/maximum sentence he now faces on the top count, as a first time felony offender, AND is below the seven year maximum sentence that he faces, either as a first time offender or a violent predicate offender on the Class D violent felony that he is considering entering a plea to.
Simply put, the rulings in Erlinger, Lopez, and Banks do not preclude this Court from accepting this negotiated plea or from adjudicating the defendant as a Second Felony Offender. Accordingly, defendant's motion to sentence him as a first-time offender, if and when he accepts the negotiated plea, is DENIED.
This constitutes the decision of the Court.
Dated: October 17, 2024
Kew Gardens, New York
Karen Gopee, J.S.C.

Footnotes

Footnote 1: Queens County indictment 2101/2017.