People v Perry (2024 NY Slip Op 24293)

[*1]

People v Perry

2024 NY Slip Op 24293

Decided on November 20, 2024

Supreme Court, Kings County

Kitsis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 20, 2024
Supreme Court, Kings County

The People of the State of New York

against
Devon Perry, Defendant.

Ind. No. 71175-23

For the defendant: Matthew Mobilia (18b counsel)
For the People: Salvatore Prince, Kings County District Attorney's Office

Michael D. Kitsis, J.

The defendant stands accused by indictment of seventeen crimes, related to an assault with a firearm on January 8, 2023, and the possession of a firearm on February 9, 2023.[FN1]
Five of the counts are violent felonies. See P.L. § 70.02. Following a suppression hearing, the case was set down for trial.
After the suppression hearing was held and decided but before trial began, the United States Supreme Court issued a decision regarding the right of a defendant to have facts relevant to sentencing proven to a jury. Erlinger v. United States, 144 S. Ct. 1840 (2024). Proactively, the People then submitted a memorandum to the Court, contending that Erlinger did not establish a new rule and had no impact on the predicate felony sentencing rules in this State. The defendant responded, the People replied, and on September 30, 2024, the Court heard oral arguments.[FN2]

After careful consideration of the parties' submissions and all relevant legal authority, the Court makes the following determination.[FN3]

In New York, a second violent felony offender is one who stands convicted of a violent felony after having been previously convicted of a violent felony, as set forth in P.L. § 70.02. P.L. § 70.04(1). Additionally, sentence upon the prior conviction must have been imposed prior to the commission of the current felony, and the prior sentence must have been imposed not more than ten years, subject to a tolling provision for intervening terms of incarceration, before the commission of the current felony. P.L. § 70.04(1)(b). A persistent violent felony offender is one who stands convicted of a violent felony offense after incurring two or more predicate violent felony convictions as defined in P.L. § 70.04(1)(b). P.L. § 70.08(1). A defendant who is sentenced as a second felony offender, whether violent or nonviolent, is subject to a higher minimum sentence than a first time felony offender. A defendant who is sentenced as a persistent violent felony offender is subject to a maximum term of life imprisonment, a sentence which is generally unavailable to a first or second time felony offender.
Thus, in addition to determining (1) whether a defendant's prior conviction constitutes a violent felony offense, as statutorily defined, a judge who sentences an individual as a second felony offender must also find that (2) sentence was imposed on the predicate felony prior to the date of commission of the current offense, and that (3) sentence was imposed within ten years of commission of the current offense, or that the period was sufficiently tolled by the defendant's time spent incarcerated. See C.P.L. §§ 400.15, 400.16.[FN4]
Once these facts are found, a defendant may then be subject to either a higher minimum sentence, or a higher maximum sentence, depending on which category he falls into. The first fact is indisputably a fact that may be found by a judge without implicating the Sixth Amendment (see, e.g., Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Snype, 441 F.3d 119 (2d Cir. 2006)), and the defendant here does not seriously contest the court's ability to find the second fact.
Although the date of the commission of the current offense must be either found by a jury beyond a reasonable doubt, or freely admitted by the defendant as part of a guilty plea, at present, those procedures are not incorporated into New York's statutory scheme for determining [*2]the date of sentencing of the prior conviction. While that date of sentencing may be easily discovered by referencing the court's records, the Supreme Court has repeatedly held that consulting such documents is permissible solely "for the limited function of determining the fact of a prior conviction and the then-existing elements of that offense. No more is allowed." Erlinger, 144 S. Ct. at 1854 (quoting Descamps v. United States, 570 U.S. 254, 260 (2013) and Mathis v. United States, 579 U.S. 500, 511 (2016)). The court may consult court documents to learn "the jurisdiction in which the defendant's crime occurred and its date in order to ascertain what legal elements the government had to prove to secure a conviction in that place at that time" and for no other purpose. Erlinger, 144 S. Ct. at 1854. The restricted use of these documents, the Supreme Court has reasoned, is necessary because "[s]tatements of non-elemental fact in the records of prior convictions are prone to error[.]" Mathis, 579 U.S. at 512.
However, to date, no other court has found that the sequentiality of convictions is a fact that must be found by a jury beyond a reasonable doubt, and the defendant does not so argue. But see Dretke v. Haley, 541 U.S. 386, 395-96 (2004) (characterizing the question of whether the Almendarez-Torres exception extends to a finding that the convictions were obtained sequentially as a "difficult constitutional challenge[ ]").
Therefore, for the purpose of determining the elements that the government was required to prove at the time of conviction, that judge may also determine whether two convictions occurred sequentially or concurrently. See Descamps v. United States, 570 U.S. at 291 (2013) (Alito, J., dissenting) ("So long as a judge . . . is determining, not what the defendant did when the [crime] in question was committed, but what the jury in that case necessarily found or what the defendant, in pleading guilty, necessarily admitted, the jury trial right is not infringed.").
However, the third fact listed above - in this case, whether the time the defendant has spent incarcerated sufficiently tolls the ten year period so that he must be sentenced as a persistent violent felony offender - appears to go beyond the bounds of what a judge, rather than a jury, may find. See People v. Banks, 2024 NY Slip Op 24241, 218 N.Y.S.3d 519 (Sup. Ct. NY Co. 2024); People v. Lopez, 2024 NY Slip Op 24207, 216 N.Y.S.3d 518 (Sup. Ct. NY Co. 2024).[FN5]

The defendant in this case stands charged with violent felonies after having been, according to the defendant's criminal history, as reported by the New York State Division of Criminal Justice Services, convicted of two prior violent felonies. On January 31, 2013, the defendant was convicted of one count of Burglary in the Second Degree (P.L. § 140.25), a Class C violent felony, for which he received a sentence of seven years incarceration. On December 1, 2006, the defendant was convicted of one count of Attempted Robbery in the Second Degree (P.L. §§ 110/160.10(1)), a Class D violent felony, for which he received a sentence of five years probation. In that case, on September 8, 2009, the defendant was resentenced to two years incarceration. Since this sentence was imposed more than ten years before the commission of the [*3]current offense, the defendant may not be sentenced as a persistent violent felony offender unless a factual determination is made that the ten year period has been sufficiently extended by the term of the defendant's incarceration. Under New York law, that factual determination must be made by a judge. See C.P.L. §§ 400.15, 400.16. If the defendant meets the statutory criteria for a persistent violent felony offender, then he must be sentenced as such, and the court has no discretion to impose the lower sentence available to a first or second time felony offender. New York's procedure appears to violate the clear dictates of the United States Supreme Court. See United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004).
In Erlinger, the Court reiterated the long-standing rule that "[o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" 144 S. Ct. at 1850 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). See also Mathis v. United States, 579 U.S. 500, 511 (2016) ("This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction."); Alleyne v. United States, 570 U.S. 99, 114-15 (2013) ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."); United States v. Booker, 543 U.S. 220, 232 (2005) (statutory maximum sentence is that which "a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant") (citations omitted).
The People argue that the rule most recently reiterated in Erlinger should be limited to the federal statute at issue in that case, or to facts related to the underlying criminal conduct, and that the prohibition against judicial, rather than jury, fact finding at this stage does not include facts related to previously imposed sentences or terms of incarceration. Indeed, at oral argument, the People adopted the view that facts fall into three categories. First, facts that define criminal conduct must be found by a jury. Second, facts establishing a prior conviction may be judicially determined. And third, facts of a purely procedural nature which fall between the first two categories, such as where and on what date a defendant was incarcerated, are so wholly divorced from questions of a defendant's guilt or innocence that a court can determine them without a jury. The People urge this Court to find that the determination of the date of the defendant's prior convictions, the dates necessary to determine how long the defendant was incarcerated, and the calculation of the time period that elapsed between the date of the commission of the current crime (a jury/plea fact) and those dates are facts that the Erlinger Court allows courts to make without a jury.
For support, the People cite to the Court's refraining from overturning Almendarez-Torres v. United States, 523 U.S. 224 (1998), which carved out an exception for the fact of prior convictions. However, while reiterating that the decision in Almendarez-Torres was "arguably incorrect," the Erlinger Court observed that it "permitted a judge to undertake the job of finding the fact of a prior conviction — and that job alone." 144 S. Ct. at 1853 (quotations omitted). It permits a judge to "do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." Id. at 1854 (quoting Mathis v. United States, 579 U.S. 500, 511-12 (2016)).
Although the rule in Almendarez-Torres has not been overturned, or even restricted, neither has it been expanded. Rather, the Supreme Court has repeatedly made clear that the precedent of Almendarez-Torres is exceptional, and applicable only to the single fact of a prior conviction. E.g., Erlinger v. United States, 144 S. Ct. 1840, 1853-54 (2024) (stating that [*4]Almendarez-Torres "persists as a narrow exception permitting judges to find only the fact of a prior conviction") (citations omitted); Pereida v. Wilkinson, 592 U.S. 224, 242 (2021) ("If a judge, rather than a jury, may take evidence and make findings of fact . . . the proceeding should be as confined as possible."); United States v. Haymond, 588 U.S. 634, 644 fn 3(2019) (describing Almendarez-Torres as a "narrow exception [ ]"); Alleyne v. United States, 570 U.S. 99, 111 fn 1 (2013) (same); Rita v. United States, 551 U.S. 338, 387 fn 1 (2007) (observing that Almendarez-Torres is the "single exception to" the rule established in Apprendi); Apprendi, 530 U.S. at 487 (Almendarez-Torres "represents at best an exceptional departure from . . . historic practice"). See also Sessions v. Dimaya, 584 U.S. 148, 226 (2018) (Thomas, J., dissenting) (describing Almendarez-Torres as "an aberration"); Mathis v. United States, 579 U.S. 500, 522 (2016) (Thomas, J., concurring) (reiterating that Almendarez-Torres was wrongly decided and should be reconsidered); Shepard v. United States, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) (Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.").
One reason justifying the narrow carve out created by Almendarez-Torres is the fact that, unlike other factors relied upon to enhance a sentence, "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249 (1999). The calculation of the length of time the defendant has spent actually incarcerated, and whether that computation renders his prior conviction within or without the ten-year period set out in New York's recidivist statutes is not subject to the same due process protections.
Additionally, the Supreme Court has approved a judicial finding that the defendant has a prior conviction based on either an admission by the defendant or the consultation of so-called "Shepard" documents, such as a certificate of conviction or transcript from a plea colloquy. See Shepard v. United States, 544 U.S. 13 (2005); see also Taylor v. United States, 495 U.S. 575 (1990). However, when a question of tolling exists, it must be resolved only by examining the time the defendant spent actually incarcerated and not just the sentence that was imposed. Thus, the list of document categories approved in Shepard would need to be expanded to include the types of correctional facility records which would document the defendant's time spent incarcerated. See Shepard, 495 U.S. at 16 (holding that sentencing court may not consider police reports or complaint applications and is generally limited to examining statutory definitions, charging documents, any written plea agreements or transcripts of plea colloquies, and any explicit factual findings made by the trial judge to which the defendant assented).[FN6]
The Supreme Court has not authorized such an expansion.
As the People correctly point out, the Apprendi line of cases, including Erlinger, have concerned judicial determinations of facts related to the underlying criminal conduct. See Erlinger, 144 S. Ct. 1840 (whether convictions occurred on separate occasions); United States v. [*5]Haymond, 588 U.S. 634 (2019) (violation of supervised release based on new commission of an enumerated offense); Alleyne v. United States, 570 U.S. 99 (2013) (whether a firearm was brandished); Blakely v. Washington, 542 U.S. 296 (2004) (aggravating factors related to commission of offense justifying enhanced sentence); Ring v. Arizona, 536 U.S. 584 (2002) (presence or absence of aggravating factors required for imposition of death penalty); Apprendi, 530 U.S. 466 (whether racial bias was a motivating factor in commission of crime).
However, the broad rule announced by these cases is not limited to the specific statutes under consideration or to facts only related to the commission of an underlying offense. Nor does the rule requiring that facts be found by a jury exclude facts related to prior sentences from their reach. Rather, these cases make clear that the only exception to the requirement that a jury find facts which may enhance a defendant's sentence is the fact of a prior conviction and no more. See Jones v. United States, 574 U.S. 948, 949 and note (2014).
Although none of the Supreme Court's cases cited above specifically addressed the circumstances under which facts related to a prior conviction could be found, and whether those facts must be found by a jury or could be found instead by a judge, their clear language encompasses the factual tolling determination that must be made here. While a carve-out exception has been made for the fact of a prior conviction, each time that exception has been noted, the Supreme Court has taken great pains to reiterate the singularity and narrowness of that exception. See Almendarez-Torres discussion, supra. Due to the high court's emphasis on its limited application, this Court sees no room for flexibility to expand that exception.
The People argue that, since Erlinger merely reiterated the rule of Apprendi (see 144 S. Ct. at 1852 ("Really, this case is as nearly on all fours with Apprendi and Alleyne as any we might imagine.")), and since the Court of Appeals has repeatedly held that New York's predicate sentencing statutes are in accord with Apprendi, (see, e.g., People v. Bell, 15 NY3d 935 (2010)), then New York's predicate sentencing statutes are unaffected by Erlinger and this Court is bound by the authority of the Court of Appeals. However, in the five months since Erlinger was announced, the Supreme Court has vacated in excess of a dozen judgments and remanded those cases for reconsideration in light of the Erlinger decision, demonstrating that, even if Erlinger is merely a reiteration of Apprendi, courts around the country have repeatedly failed to follow its holding. See also United States v. Saunders, 2024 U.S. App. LEXIS 26805 (2d Cir. 2024) (observing that Erlinger abrogated Second Circuit precedent).
While state statutes are entitled to a strong presumption of constitutionality (e.g., White v. Cuomo, 38 NY3d 209, 216 (2022)), trial courts may not turn a blind eye to the constitutional pronouncements of the Supreme Court. If "a judge may do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of" (144 S. Ct. at 1854), then a judge may not, for the purpose of determining whether the defendant is a predicate felon, determine whether a conviction which falls outside the ten-year look-back period of New York's recidivist statutes may nonetheless be considered because that period was tolled by the defendant's time spent actually incarcerated.
Having concluded that the facts necessary to determine the defendant's predicate felon status, specifically, the calculation of any tolling period, must be determined by a jury, the question then remains how to proceed in this case. The defendant argues that he must be [*6]sentenced as a first felony offender.[FN7]
The People urge the Court to exercise its "inherent authority" to craft a procedure consistent with Erlinger. The People suggest that the court could adhere to the statutory procedure for predicate felony hearings, and merely substitute the trial jury for the court as the finder of fact. The People further request an opportunity to confer with defense counsel regarding proposed jury instructions for this stage of the proceedings. If the People and defense counsel are not able to reach an agreement about the jury instructions, the People do not provide any authority upon which the court could rely when called upon to resolve any dispute. For the reasons stated in People v. Lopez, 2024 NY Slip Op 24207 (Sup. Ct. NY Co. 2024), the Court does not believe that the People's suggestion is practical.
When faced with a similar constitutional challenge to the federal sentencing guidelines, the Supreme Court declined to read into the sentencing procedures a requirement that factual determinations be made by a jury, in part because doing so would be plainly contrary to the intent of the legislative body which enacted the sentencing statutes - in that case, Congress. United States v. Booker, 543 U.S. 220 (2005). The Supreme Court also observed that attempting to include fact finding by a jury as part of the sentencing procedure already established "would create a system far more complex than Congress could have intended." Id. at 254.
Although the Judiciary Law grants a trial court the power "to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it," (Jud. L. § 2-b(3)), the People read the statute too broadly when they claim it gives this court the power to create an entirely new proceeding in which a jury may find facts relevant to the defendant's sentence beyond a reasonable doubt.
Precedent shows that Jud. L. § 2-b(3) allows trial courts to make incremental changes to existing forms of proceeding. Wholesale changes are more problematic. Thus, the Court of Appeals previously approved the use of multiple juries, and recognized the trial court's inherent power to fashion a dual jury procedure. See People v. Ricardo B., 73 NY2d 228 (1989). Critically, in that case, the Court observed that "nothing in the [federal or state] constitutions, the statutes or [the Court of Appeals'] decisions interpreting them . . . expressly . . . prohibits the use of multiple juries[.]" Id. at 232. Here, however, a statute enacted by the New York State Legislature expressly prohibits the use of juries during sentencing. See C.P.L. § 400.15(7)(a). Additionally, the trial court in Ricardo B. was able to impanel a second jury using the same legislatively-created procedures employed to impanel the first. See 73 NY2d at 232-33. On the other hand, in the circumstance of this case, the Court has no guidance from the legislature outlining what procedures ought to be used to impanel a jury for sentencing, and instead would have to manufacture a procedure from whole cloth. See People v. Banks, 2024 NY Slip Op [*7]24241, 218 N.Y.S.3d 519 (Sup. Ct. NY Co. 2024)[FN8]
; People v. Lopez, 2024 NY Slip Op 24207, 216 N.Y.S.3d 518 (Sup. Ct. NY Co. 2024).
For this Court to create a procedure for submitting sentencing questions to a jury would usurp the power of the legislature. See United States v. Booker, 543 U.S. 220 (2005); see generally Matter of James v. Farina, 171 AD3d 44 (1st Dept. 2019). On the other hand, if the court were to make the factual determination itself, it would be usurping power reserved to the jury. See Blakely v. Washington, 542 U.S. 296, 308-09 (2004).
Consequently, until the Legislature is able to resolve this issue, by amending New York's recidivist sentencing statutes to comport with the constitutional requirements articulated by the United States Supreme Court in Erlinger, this Court is compelled to sentence the defendant, if he is convicted, without regard to prior convictions for which sentence was imposed more than ten years prior to the commission of any offence for which he is found guilty.
One avenue that may remain open in this case is for the People to file a motion pursuant to C.P.L. § 400.20, requesting the Court to find that the defendant is a persistent felony offender, as defined in P.L. § 70.10. See People v. Banks, 2024 NY Slip Op 24241, 34 fn 11 (Sup. Ct. NY Co. 2024). Since tolling plays no role in applying these statutes, any determination of their applicability does not necessarily require the resolution of factual issues that Erlinger prohibits the Court from making. But see Dretke v. Haley, 541 U.S. 386, 395-96 (2004).
This Court specifically makes no pre-determination whether such a course of action is appropriate or prudent, and of course will allow both parties to be heard fully if the issue is placed before the Court.
This constitutes the Decision and Order of the Court.
Dated: November 20, 2024
Brooklyn, New York
Hon. Michael D. Kitsis, A.J.S.C.

Footnotes

Footnote 1:Count eight was dismissed by decision of this Court on the defendant's motion to inspect the grand jury minutes.

Footnote 2:C.P.L.R. § 1012(b) requires: "When the constitutionality of a statute of the state . . . is involved in an action to which the state is not a party, the attorney-general, shall be notified and permitted to intervene in support of its constitutionality." The defendant reports that he served a copy of his motion on the attorney general.

Footnote 3:This Court is not the first to address the impact of Erlinger on New York's predicate sentencing statutes. Notably, in two New York County cases, courts of coordinate jurisdiction have found that the Erlinger holding invalidates aspects of New York's laws governing the sentencing of recidivist offenders. See People v. Lopez, 2024 NY Slip Op 24207; 216 N.Y.S.3d 518 (Sup. Ct. NY Co. 2024); People v. Banks, 2024 NY Slip Op 24241, 218 N.Y.S.3d 519 (Sup. Ct. NY Co. 2024). In both of those cases, the People conceded that Erlinger required juries to make the kind of determination at issue here. In this case, the People make no such concession, making this case different procedurally. In an unpublished decision rendered orally, a third New York County Court reached the opposite conclusion when the People contested Erlinger's effect. See People v. Desmond Smith, Ind. No. 2755-2018 (Sup. Ct. NY Co. 2024). Two other courts have taken up the question of how Erlinger affects New York sentencing, but the questions raised in those cases are somewhat different from that before the Court here. See People v. McKinley, 2024 NY Slip Op 24257 (Sup. Ct. NY Co. 2024); People v. Frazier, 2024 NY Slip Op 24268 (Sup. Ct. Queens Co. 2024).

Footnote 4:These statutes establish the manner for conducting a hearing at which the People must prove the defendant's eligibility to be sentenced as a predicate felon beyond a reasonable doubt by admissible evidence. The fact-finding nature of the procedure is thus clear. See also People v. Lopez, 2024 NY Slip Op 24207, 5-6; 216 N.Y.S.3d 518, 526 (Sup. Ct. NY Co. 2024) (observing that contested tolling calculations must be determined through an adversarial fact-finding hearing and not through judicial notice).

Footnote 5:Indeed, since a tolling determination requires knowing the actual number of days a defendant was incarcerated and not the sentence that was imposed, and since that knowledge "is completely unnecessary to determine the fact of a prior conviction" and may not be knowable until many years after the prior conviction, "the tolling decision . . . is even more arguably now a mandatory jury question than the 'different occasions' determination in Erlinger[.]" People v. Lopez, 2024 NY Slip Op at 7.

Footnote 6:Although in the majority of cases, it may be quite simple to determine the applicable tolling period, "The first order of business of the criminal courts . . . is justice, not economy or convenience[.]" People v. Ricardo B., 73 NY2d 228, 235 (1989). See also Erlinger v. United States, 144 S. Ct. 1840, 1856 (2024) ("There is no efficiency exception to the Fifth and Sixth amendments.").

Footnote 7:As previously noted, the defendant was convicted of one count of burglary in the second degree, a Class C violent felony, on January 31, 2013, and sentence was imposed that same day. Thus, sentence was imposed within ten years of the commission of the crimes alleged to have occurred on January 8, 2023, constituting the first fourteen counts that remain on the indictment. However, sentence was imposed more than ten years before the commission of the crimes alleged to have occurred on February 9, 2023, constituting the last three counts of the indictment. Therefore, whether the defendant could be sentenced as a second felony offender without having to engage in a tolling calculation would depend on which count or counts a conviction was obtained.

Footnote 8:As extensive as Justice Mandelbaum's analysis is in identifying the problems an individual court can create by devising its own procedure to seat a jury to find the necessary facts, it was clearly meant to be illustrative and not complete in itself.